IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | 3:21cv210-NBB-JMV |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| | ) | C O M P L A I N T |
| v. | ) ) | JURY TRIAL DEMAND |
| | ) ) | |
| ONE BY NP, LLC and LODGING LANE HOSPITALITY, LLC, D/B/A HOME2 SUITES | ) ) ) | |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Cassandra Brown (Brown), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges Defendants, ONE by NP, LLC (ONE by NP) and Lodging Lane Hospitality, LLC, d/b/a Home2 Suites (Lodging Lane) operated as a single employer (Defendant Employer), and subjected Brown to unlawful sexual harassment and retaliated against her when she complained about and opposed the unlawful practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted under Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Oxford Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, ONE by NP has been a Mississippi limited liability company, doing business in the State of Mississippi, in the City of Olive Branch, and has continuously had at least 15 employees.

5. At all relevant times, ONE by NP has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Lodging Lane has been a Mississippi limited liability company and has continuously done business in the State of Mississippi, in the City of Olive Branch, and has continuously had at least 15 employees.

7. At all relevant times, Lodging Lane has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times ONE by NP and Lodging Lane compromised a single

employer.

(a) ONE by NP and Lodging Lane share the same owner, Nimesh Patel.

(b) ONE by NP's website claims ownership of the Home2 Suites located in Olive Branch, Mississippi.

(c) Lodging Lane operates the Home2 Suites located in Olive Branch, Mississippi.

(d) ONE by NP provides an employee handbook to Lodging Lane employees.

(e) The ONE by NP handbook welcomes Lodging Lane employees to the ONE by NP family.

(f) The Vice President for ONE by NP, Ken Ibsen, supervises Home2 Suites' daily operations and its employees.

(g) One by NP letterhead is used on Home2 Suites employee documents.

(h) Lodging Lane does business as Home2 Suites and Defendant Employer has designated it as a proper party.

## ADMININSTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Brown filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

10. On August 4, 2021, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated Title VII with respect to Brown and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant Employer to provide them the opportunity to remedy the discriminatory practices described in the Letter of

Determination.

12. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

13. On August 24, 2021, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from them a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### SEXUAL HARASSMENT CLAIM

15. Since at least July 2019, Defendant Employer engaged in unlawful employment practices at its Olive Branch, MS location, in violation of Section §703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

16. The unlawful employment practices include subjecting Brown to a hostile work environment because of her sex.

(a) Defendant Employer operates Home2 Suites hotel in Olive Branch, MS.

(b) Defendant Employer hired Brown as a housekeeper for its Olive Branch location in July 2019.

(c) Defendant Employer did not provide Brown with a copy of its employee handbook when Brown began working in July 2019.

(d) Defendant Employer did not provide Brown with a copy of its sexual harassment policy when Brown began working in July 2019.

(e) Defendant Employer did not provide Brown with any sexual harassment training during her tenure with Defendant Employer.

(f) Executive Housekeeper Feleisha Mason (Mason) supervised Brown during her tenure with Defendant Employer.

(g) Shortly after Brown began work, Mason began commenting on Brown's physical appearance.

(h) On one occasion, Mason told Brown, "Damn Cassandra, you have a fat ass and it looks soft…."

(i) Mason routinely asked Brown if she could rub Brown's butt.

(j) Mason touched Brown on her butt and told Brown she, "wished she could get her in bed."

(k) Mason told Brown she would like to have a threesome with Brown and another employee of Defendant Employer.

(l) These sexual comments and advances occurred multiple times a week during Brown's employment.

(m) Mason's sexual advances were unwelcomed.

(n) Brown rebuffed Mason's sexual advances and repeatedly told Mason she was not interested.

(o) The unwelcomed conduct unreasonably interfered with the Brown's performance of her work.

(p) Brown reported Mason's comments and actions to Hotel Manager Christopher Golden (Golden), on or about the first week of December 2019.

(q) Golden minimized the complaint and laughed it off.

(r) Although Home2 Suites then had a sexual harassment policy, Golden failed to follow the policy.

(s) Golden did not address Brown's complaint and did not take any formal action to investigate Brown's complaint.

(t) Golden also took no action against Mason.

(u) Golden was aware that Mason had routinely made inappropriate sexual remarks to other female employees she supervised.

(v) Golden never addressed Mason's harassing behavior and never took corrective action against Mason.

17. The unlawful employment practices complained of in paragraph 16 above were intentional.

18. The unlawful employment practices complained of in paragraph 16 above were done with malice or with reckless indifference to the federally protected rights of Brown.

RETALIATION CLAIM

19. Since at least December 2019, Defendant Employer engaged in unlawful employment practices at its Olive Branch, MS location, in violation of Section §§703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

20. The unlawful employment practices include discharging Brown in retaliation for her complaint about Mason's sexual harassment and because Brown opposed Mason's harassment.

(a) The Commission re-alleges and incorporates by reference the allegations set forth in paragraph 16 above.

(b) Following Brown's complaints to Golden about Mason's behavior, Mason began treating Brown unfairly and criticizing Brown's work performance.

(c) On or around December 13, 2019, Brown believed she had approval to take the day

off.

        (d)        Mason, however, claimed Brown did not have approval to take the day off.

        (e)        Mason fired Brown claiming Brown was a no call, no show.

        (f)        Brown believed she was authorized to take the day off.

        (g)        Mason fired Brown for taking an authorized day off.

        (h)        Mason fired Brown in retaliation for Brown's complaints to Golden.

        (i)        Mason fired Brown about two weeks after Brown complained about Mason's sexual harassment.

        (j)        The reason for Brown's termination, an unexcused absence, was pretext for her termination.

21.        The effect of the practices complained of in paragraphs 16 and 20 above has been to deprive Brown of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because of unlawful retaliation.

22.        The unlawful employment practices complained of in paragraph 20 above were intentional.

23.        The unlawful employment practices complained of in paragraph 20 above were done with malice or with reckless indifference to the federally protected rights of Brown.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.        Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment and any other employment practice that discriminates on the basis of sex.

      B.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII.

      C.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for, and which eradicate the effects of its past and present unlawful employment practices.

      D.    Order Defendant Employer to make whole Cassandra Brown by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      E.    Order Defendant Employer to make whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs above, including in amounts to be determined at trial.

      F.    Order Defendant Employer to make whole Cassandra Brown by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      G.    Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraphs above, in amounts to be determined at trial.

      H.    Grant such further relief as the Court deems necessary and proper in the public interest.

      I.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

            GWENDOLYN YOUNG REAMS
            Acting General Counsel

            */s/Faye A. Williams*
            FAYE A. WILLIAMS
            Regional Attorney
            TN Bar No. 11730

            */s/Amy F. Black*
            AMY F. BLACK
            Supervisory Trial Attorney
            TN Bar No. 016102

            */s/ Roslyn Griffin-Pack*
            ROSLYN GRIFFIN-PACK
            Trial Attorney
            MS Bar No. 103317

            */s/ Craig Martin Smith*
            CRAIG MARTIN SMITH
            Trial Attorney
            CA Bar No. 273800

            EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
            1407 Union Avenue, Suite 900
            Memphis, TN 38104
            Telephone (901) 685-4606
            Telephone (901) 701-6445
            Telephone (901) 544-0111
            amy.black@eeoc.gov
            roslyn.griffin-pack@eeoc.gov
            craig.smith@eeoc.gov